76 F.3d 380
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
CERTAIN LAND SITUATED IN the CITY OF DETROIT; Wayne County,
Michigan; Nash P. Sogoian; Treasurer, City of
Detroit, Defendants,
Detroit International Bridge Co., Defendant-Appellee,
Commodities Export Company, a Michigan corporation; Walter
H. Lubienski, Intervenors-Appellants.
 No. 95-1118.
 United States Court of Appeals, Sixth Circuit.
 Jan. 23, 1996.
 
 Before: KRUPANSKY, BOGGS, and NORRIS, Circuit Judges.
 MEMORANDUM OPINION
 PER CURIAM.
 
 
 1
 In October 1993, a panel of this court reversed a decision of the district court that denied to Commodities Export Company and Walter H. Lubienski permission to intervene in this condemnation action. See United States v. Detroit Int'l Bridge Co., 7 F.3d 497 (6th Cir.1993). Commodities and Lubienski sought to intervene and to obtain a preliminary injunction to prevent implementation of a settlement agreement between the United States and the Detroit International Bridge Company that was pending before the district court. Because the district court denied intervention, it also summarily denied the request for a preliminary injunction.
 
 
 2
 Because this court concluded that the district court should have permitted Commodities and Lubienski to intervene, their request for a preliminary injunction was remanded to the district court for a determination of the merits of that request. Upon remand, the district court denied the preliminary injunction sought by intervenors.
 
 
 3
 Having had the benefit of oral argument, and having carefully reviewed the record and the briefs of the parties, we agree with the district court's conclusion that intervenors are not entitled to a preliminary injunction and affirm the district court's order for the reasons stated by that court in its opinion dated December 30, 1994. See United States v. Certain Land Situated in the City of Detroit, 873 F.Supp. 1050 (E.D.Mich.1994).
 
 
 4
 As the result of our holding, this cause will, of course, return to the district court for further proceedings. The prior panel of this court determined that intervenors had the right to intervene, and so returned the case to the district court to consider their request for a preliminary injunction. Contrary to intervenors' assertions, the panel did not decide anything related to the merits of their cause, and their entitlement to intervention was the only "law of the case" at that point. The only issue before us on this appeal is whether the district court erred in denying the preliminary injunction, and we decide that issue adversely to intervenors.
 
 
 5
 At oral argument, counsel for the United States appeared to agree that intervenors will have the opportunity to challenge the settlement agreement when the district court considers whether it should be approved. That challenge could include what appears to be intervenors' argument that the settlement agreement rests upon the taking of their land, and that such a taking, even with compensation, would be invalid because it was the product of improper collusion between the parties to the agreement.[1]
 
 
 6
 The order denying the preliminary injunction is affirmed, and this cause is remanded to the district court for further proceedings according to law and consistent with this opinion.
 
 
 
 [1]
 The district court noted, in discussing intervenors' failure to carry their preliminary injunction burden of showing they would likely succeed on the merits of their cause, that intervenors had "come forward with no hard evidence to substantiate their wholly speculative allegations." 873 F.Supp. at 1059 n. 10. Failure to present that evidence in support of their request for a preliminary injunction does not amount to a waiver of intervenors' collusion argument at a later stage in the litigation